IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| LaAltra M. Singletary, | Civil Action No.: 0:19-2254-BHH |
| Plaintiff, | |
| v. | **ORDER** |
| Andrew Saul, Commissioner of Social Security, | |
| Defendant. | |

  This action is brought pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff LaAltra M. Singletary's ("Plaintiff") claims for disability insurance benefits and supplemental security income. The record includes the report and recommendation ("Report") of United States Magistrate Judge Paige J. Gossett, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a), D.S.C.

  In her Report, the Magistrate Judge recommends that the Court affirm the Commissioner's final decision. Plaintiff filed objections to the Report, the Commissioner filed a reply to Plaintiff's objections, and the matter is ripe for review. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days after being served a copy). For the reasons stated below, the Court adopts the Magistrate Judge's Report and affirms the Commissioner's final decision denying benefits.

## **BACKGROUND**

  Plaintiff filed for disability insurance benefits and supplemental security income in July and August of 2016, alleging disability beginning on July 31, 2015. The applications

were denied initially and upon reconsideration.  Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held on December 28, 2018.

On February 12, 2019, the ALJ issued a decision denying Plaintiff's claim.  The Appeals Council denied Plaintiff's request for review, thereby rendering the ALJ's decision the Commissioner's final decision for purposes of judicial review.  Plaintiff filed this action seeking judicial review on August 12, 2019.

## **STANDARDS OF REVIEW**

### I.     The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination only of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendations of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

### II.    Judicial Review of a Final Decision

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act.  Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).  "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v.*

2

*Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## **DISCUSSION**

### I.     The Commissioner's Final Decision

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c) If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I. If so, the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) . If the answer

3

>is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. Then, if the claimant successfully reaches step five, the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience. *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since her alleged onset date, July 31, 2015. Next, the ALJ determined that Plaintiff has the following severe impairments: status post multiple fractures and surgical repairs of the lower extremities, diabetes mellitus, obesity, affective disorder, and post-traumatic stress disorder. The ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. With regard to Plaintiff's residual functional capacity ("RFC"), the ALJ found that Plaintiff could perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) except that: Plaintiff cannot operate foot controls with the right lower extremity; Plaintiff can never climb ladders, ropes, or scaffolds; Plaintiff can occasionally climb ramps and stairs, balance, and stoop; Plaintiff cannot kneel, crouch, and crawl; Plaintiff cannot have concentrated exposure to vibration or hazards, such as unprotected heights or dangerous moving machinery; Plaintiff can perform simple routine

tasks in an environment that does not involve assembly line pace; Plaintiff's time off task can be accommodated by normal breaks; Plaintiff can have occasional interaction with supervisors, coworkers, and the public; and Plaintiff can tolerate few changes in the routine work setting. The ALJ found that Plaintiff is unable to perform any past relevant work but that, considering her age, education, work experience, and residual functional capacity, jobs exist in significant numbers in the national economy that Plaintiff can perform. Thus, the ALJ found that Plaintiff has not been under a disability from July 31, 2015, through the date of the decision.

## II.     The Court's Review

In this action, Plaintiff asserts that the ALJ did not explain his findings regarding Plaintiff's residual functional capacity ("RFC"), as required by Social Security Ruling 96-8p, and that the ALJ failed to properly assess medical source opinion evidence.

The Magistrate Judge carefully considered Plaintiff's arguments and determined that the ALJ provided a logical bridge between the evidence and the RFC findings regarding Plaintiff's limitation to occasional interaction with supervisors, coworkers, and the public. Likewise, the Magistrate Judge found no error in the ALJ's treatment of Plaintiff's use of a cane or Plaintiff's other standing or walking limitations in the RFC findings. As to the ALJ's evaluation of opinion evidence from consultative examiner, Dr. David N. Holt, the Magistrate Judge determined that although the ALJ could have been more explicit about which portions of Dr. Holt's opinion were unsupported or entitled to little weight, any error was harmless and Plaintiff failed to show that a remand was necessary for further explanation of this evidence.

In her objections to the Magistrate Judge's Report, Plaintiff first essentially reasserts

her argument that the ALJ failed to adequately explain how the evidence supports the RFC's limitation to occasional interaction with supervisors, coworkers, and the public. Plaintiff asserts that the evidence shows that she did not interact with others regularly and that the ALJ failed to adequately consider the evidence showing more moderate social interaction limitations.

After review, the Court finds no merit to Plaintiff's objection and agrees with the Magistrate Judge that the ALJ provided a logical bridge between the evidence and Plaintiff's social interaction limitations. As the Magistrate Judge explained, the ALJ acknowledged Plaintiff's testimony that it is difficult for her to be around people and the records describing Plaintiff as tearful and emotional, but the ALJ also considered records showing that Plaintiff interacted with others one-on-one, spent time with family, and spent time talking to others. The ALJ explained that Plaintiff functions in public, shops in stores, attends her daughter's extracurricular activities, goes to the gym, and goes to the park. After reviewing the record and the ALJ's decision, the Court agrees with the Magistrate Judge that it is clear how the ALJ arrived at his conclusions, and the Court finds that substantial evidence supports the ALJ's findings regarding Plaintiff's limitation to occasional interaction with supervisors, coworkers, and the public.

Next, Plaintiff objects to the Magistrate Judge's treatment of her argument regarding her need for a cane. Plaintiff asserts that her argument is that the ALJ improperly determined that she did not need a cane for longer than 12 months, asserting that there is no indication that Plaintiff stopped using a cane after physical therapy on July 5, 2016. Plaintiff asserts that the records show she was still using a cane in December of 2016, and Plaintiff asserts that the Magistrate Judge failed to consider her argument that she needed

a cane for longer than twelve months.

After consideration, the Court disagrees with Plaintiff's assessment of the Magistrate Judge's Report. The Magistrate Judge specifically outlined the ALJ's observations regarding Plaintiff's use of a cane, including his explanation that he did not provide for use of a cane in her RFC because she "was able to demonstrate ambulation with no assistive device needed less than one year from the alleged onset date," at which point she was no longer using her cane for short and medium distances, and because the notes from treating providers did not mention the use of a cane in 2017 or 2018. The Court agrees with the Magistrate Judge that the ALJ specifically considered many of the same records that Plaintiff argues show more dependency on a cane, and that Plaintiff is essentially asking the Court to reweigh the evidence that the ALJ already carefully weighed. In all, the Court finds that substantial evidence supports the ALJ's treatment of Plaintiff's use of a cane and his findings that Plaintiff can perform the minimal standing and walking requirements of sedentary work. Accordingly, Plaintiff's objection is overruled.

Finally, Plaintiff objects to the Magistrate Judge's findings as to the ALJ's treatment of Dr. Holt's opinion. Specifically, Plaintiff argues that the ALJ failed to explicitly state which aspects of Dr. Holt's opinion were unsupported or entitled to little weight, and that this requires remand because Dr. Holt's opinion supported additional limitations in Plaintiff's RFC.

In her Report, the Magistrate Judge thoroughly outlined the ALJ's treatment of Dr. Holt's examination and findings and ultimately agreed with Plaintiff that the ALJ failed to explicitly state which aspects of Dr. Holt's opinion were unsupported or entitled to little weight; however, the Magistrate Judge ultimately agreed with the Commissioner that Dr.

Holt's opinion does not appear to support any additional limitations in Plaintiff's RFC. After review, the Court agrees with the Magistrate Judge and finds no merit to Plaintiff's conclusory assertions otherwise. In other words, the Court finds that the Magistrate Judge adequately considered Plaintiff's argument, and the Court agrees with the Magistrate Judge that even though the ALJ could have been more explicit in stating which portions of Dr. Holt's opinion were unsupported, the ALJ's treatment of Dr. Holt's opinion evidence is not "confusing" and does not require remand for further evaluation and explanation. Accordingly, Plaintiff's objection is overruled.

## **CONCLUSION**

Based on the foregoing, it is ordered that the Magistrate Judge's Report (ECF No. 15) is adopted and specifically incorporated herein; Plaintiff's objections (ECF No. 16) are overruled; and the Commissioner's final decision denying benefits is affirmed.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

February 23, 2021
Charleston, South Carolina

8